**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000984
31-JAN-2014
08:37 AM**

NO. CAAP-12-0000984

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TOI NOFOA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1504)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Toi Nofoa (Nofoa) appeals from a
Circuit Court of the First Circuit (Circuit Court) October 9,
2012 Judgment of Conviction and Sentence (Judgment).[1] Nofoa was
convicted of: (1) Kidnapping, in violation of Hawaii Revised
Statutes (HRS) § 707-720(1)(e) (Supp. 2013)[2] (Count 1); and (2)
Terroristic Threatening in the Second Degree, in violation of HRS
§ 707-717 (1993)[3] (Count 2), and sentenced to twenty years in

---

[1]     The Honorable Randal K.O. Lee presided.

[2]     HRS § 707-720 provides, in relevant part:

§707-720  **Kidnapping.** (1) A person commits the
offense of kidnapping if the person intentionally or
knowingly restrains another person with intent to:

.  .  .  .

(e)  Terrorize that person or a third person[.]

[3]     HRS § 707-717 provides:

[§707-717]  **Terroristic threatening in the second
degree.** (1) A person commits the offense of terroristic
threatening in the second degree if the person commits
terroristic threatening other than as provided in section
707-716.

(continued...)

prison in Count 1 and one year in prison in Count 2, with the terms to run concurrently.

On appeal, Nofoa maintains that (1) the Circuit Court erred in admitting the unavailable complaining witness's (CW) preliminary hearing testimony; (2) the Circuit Court erred in admitting a recording of a 911 emergency call; (3) the Circuit Court exhibited bias against him in allowing the Deputy Prosecuting Attorney (prosecutor) to inform the jury that CW was unavailable because she was dead; (4) the prosecutor committed prosecutorial misconduct; and (5) the evidence was insufficient to prove Kidnapping as a class A felony.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Nofoa's appeal as follows and affirm.

1. Nofoa argues that the Circuit Court erred by admitting CW's preliminary hearing testimony at trial because: (1) it did not qualify as former testimony and admission violated his right of confrontation, and (2) submitting a recording of the testimony to the jury during deliberations was an abuse of discretion. We disagree.

a. CW's testimony was admissible as former testimony pursuant to Hawai'i Rules of Evidence (HRE) Rule 804(b)(1).[4] See State v. Moore, 82 Hawai'i 202, 225, 921 P.2d 122, 145 (1996) (stating that HRE Rule 804(b)(1) only requires "that the party against whom the [former] testimony is later offered had the

---

[3](...continued)
        (2) Terroristic threatening in the second degree is a misdemeanor.

[4]    HRE Rule 804(b)(1) provides:

(b)    Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    (1)    Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, at the instance of or against a party with an opportunity to develop the testimony by direct, cross, or redirect examination, with motive and interest similar to those of the party against whom now offered[.]

opportunity and motive" to conduct direct, cross, or redirect examination). Admission of CW's testimony did not violate Nofoa's right to confrontation as CW was unavailable at trial and Nofoa was afforded adequate opportunity to cross-examine CW at the preliminary hearing, Crawford v. Washington, 541 U.S. 36, 59, 68 (2004); State v. Fields, 115 Hawai'i 503, 516, 168 P.3d 955, 968 (2007), which involved the same motives as those at trial to discredit the State's case and demonstrate that Nofoa was not guilty of the alleged offenses, State v. Lopez, 258 P.3d 458, 462 (N.M. 2011). Nofoa faced the same charges and defense counsel, who extensively and thoroughly cross-examined CW at the preliminary hearing, resulting in twenty-one pages of cross-examination transcript, was not restricted by the court during cross-examination nor by objections by the State, and voluntarily terminated his cross-examination following CW's response to all of the questions posed. See Fields, 115 Hawai'i at 523, 168 P.3d at 975; see also State v. Faafiti, 54 Haw. 637, 641-42, 513 P.2d 697, 701 (1973); The authority Nofoa relies on appears to hinge on the court placing overt or covert restrictions on defense counsel's ability to conduct cross-examination, which is not the case here.

b. The Circuit Court did not abuse its discretion in submitting a recording of CW's testimony to the jury during deliberations. Nofoa's reliance on State v. Estrada, 69 Haw. 204, 738 P.2d 812 (1987), and State v. Minn, 79 Hawai'i 461, 903 P.2d 1282 (1995), is misplaced as each case involved denial of a jury's request to reread testimony of an available witness. Estrada, 69 Haw. at 229, 738 P.2d at 828-29; Minn, 79 Hawai'i at 466, 903 P.2d at 1287. See also United States v. Washington, 596 F.3d 777, 782-83 (10th Cir. 2010) (holding that where transcript of prior testimony was admitted as a trial exhibit, the district court did not abuse its discretion and there was no undue emphasis by the court in allowing the exhibit to go to the jury during deliberations with all the other exhibits). Nofoa's reliance on HRE Rule 1102 and State v. Nomura, 79 Hawai'i 413, 417, 903 P.2d 718, 722 (App. 1995), is likewise misplaced as the Circuit Court did not comment upon the evidence or advocate that

CW's version of events should be believed over Nofoa's, and we presume that the jurors followed the Circuit Court's instructions that they were the sole judges of witness credibility. Aga v. Hundahl, 78 Hawai'i 230, 237, 891 P.2d 1022, 1029 (1995).

2. Nofoa next argues that the Circuit Court erred by admitting the 911 call recording at trial because: (1) CW's statement did not constitute an excited utterance and admission violated his right of confrontation, and (2) portions of the 911 call were inadmissible on other grounds. We disagree.

CW's statement qualified as an excited utterance pursuant to HRE Rule 803(b)(2) because the facts establish that a startling event occurred, CW made her statement while under the stress of excitement caused by the event, and her statement related to this event.[5] State v. Machado, 109 Hawai'i 445, 451, 127 P.3d 941, 947 (2006). Under the totality of the circumstances, State v. Clark, 83 Hawai'i 289, 297, 926 P.2d 194, 202 (1996), we conclude that CW's statement was "a spontaneous reaction to the exciting event" rather than "the result of reflective thought[,]" Moore, 82 Hawai'i at 219, 921 P.2d at 139 (citation and internal quotation marks omitted), as the elapsed time between the startling event and CW's statement, the nature of the event, CW's mental and physical condition, the lack of intervening occurrences, and the nature and circumstances of the statement are all relevant considerations supporting admission of CW's 911 statement as an excited utterance, Moore, 82 Hawai'i at 221, 921 P.2d at 141.

Admission of CW's 911 statement did not violate Nofoa's right of confrontation. Her statement was nontestimonial as she was trying to resolve an ongoing emergency, her statement was taken when she was unprotected by police, still seeking aid, and still facing impending danger, given Nofoa's comment that he was "not finished with" her and that he was still at large. See Davis v. Washington, 547 U.S. 813, 827-28, 831-32 (2006);

---

[5] HRE Rule 803(b)(2) provides that a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule.

Concluding CW's statement to be nontestimonial,[6] we apply the two-part test set forth in Ohio v. Roberts, 448 U.S. 56 (1980).[7] Fields, 115 Hawai'i at 516, 168 P.3d at 968. As unavailability was demonstrated, CW's statement bears "adequate 'indicia of reliability'" by virtue of it falling within the excited utterance hearsay exception. Roberts, 448 U.S. at 66; Moore, 82 Hawai'i at 223, 921 P.2d at 143, and corroborated in part by other witnesses.

Nofoa fails to prove that portions of the 911 call were inadmissible on other grounds.

3. We reject Nofoa's allegation of judicial bias. When examined against the record, Nofoa's allegation is unsubstantiated, other than the circumstantial evidence of the Circuit Court's adverse ruling, permitting the prosecutor to inform the jury of the reason CW was unavailable at trial, but this alone is insufficient. Aga, 78 Hawai'i at 242, 891 P.2d at 1034. To the contrary, the record reveals that the judge afforded both parties a fair trial, and Nofoa has not shown that he suffered any unfair prejudice as a result of the Circuit Court's ruling because it was well grounded in law and fact. The public defender invoked an adverse inference with respect to the prosecution's failure to call CW, and thus, the prosecution was entitled to explain that she was unavailable because she had died. See State v. Padilla, 57 Haw. 150, 161, 552 P.2d 357, 364 (1976);[8] see also State v. Mainaaupo, 117 Hawai'i 235, 256, 178 P.3d 1, 22 (2008).

---

[6] Under Davis, CW's nontestimonial statement is "beyond the reach of the federal confrontation clause." Fields, 115 Hawai'i at 516, 168 P.3d at 968.

[7] Roberts was abrogated by Crawford v. Washington, 541 U.S. 36 (2004). However, Fields reaffirmed "Roberts' continued viability with respect to nontestimonial hearsay." Fields, 115 Hawai'i at 516, 168 P.3d at 968.

[8] Padilla was abrogated on other grounds by State v. Cabagbag, 127 Hawai'i 302, 277 P.3d 1027 (2012).

4. We reject Nofoa's allegation of prosecutorial misconduct. Under the harmless beyond a reasonable doubt standard, State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999), the prosecutor's question to Nofoa during his cross-examination about whether he was angry at CW, when taken in context, referred to Nofoa's emotions at the time of the incident and was not improper, thereby ending our analysis. State v. Kiakona, 110 Hawai'i 450, 459, 134 P.3d 616, 625 (App. 2006).

Likewise, under the "wide latitude" afforded prosecutors during closing argument, the prosecutor's closing statements that Nofoa was "an arrogant guy" who "doesn't care" and "disregard[s] the judge's [] instructions" did not constitute prosecutorial misconduct because they were based on the evidence and reasonable inferences from the evidence, given Nofoa's response to ask CW whether he was angry at her, thus implying CW was available to be asked when the Circuit Court made clear that no one should speculate as to the reasons for her unavailability. Rogan, 91 Hawai'i at 412, 984 P.2d at 1238;

5. We reject Nofoa's argument that the prosecution failed to adduce sufficient evidence to support a class A felony conviction under HRS § 707-720(1)(e) because he voluntarily released CW, requiring a reduction to a class B felony under HRS § 707-720(3) (1993).[9] Considering the evidence adduced in the strongest light for the prosecution, we find that there was substantial, credible evidence to support the jury's verdict, finding that Nofoa did not release CW voluntarily, as he released her only after being ordered to do so and notified that police were on their way by the two gas station employees. State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010); State v. Apo, 123 Hawai'i 313, 234 P.3d 695, No. 29876 2010 WL 2982940 at

---

[9] HRS § 707-720(3) provides: "In a prosecution for kidnapping, it is a defense which reduces the offense to a class B felony that the defendant voluntarily released the victim, alive and not suffering from serious or substantial bodily injury, in a safe place prior to trial." (Emphasis added.) Moreover, HRS § 707-720(2) (1993) provides that "kidnapping is a class A felony[,]" except if it is determined that the defendant voluntarily released the victim in a safe place in accordance with HRS § 707-720(3), then it becomes a class B felony.

6

*1 (App. July 30, 2010) (SDO) (citing State v. Yamamoto, 98 Hawai'i 208, 220, 46 P.3d 1092, 1104 (App. 2002)).

For the foregoing reasons, the Circuit Court of the First Circuit's October 9, 2012 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, January 31, 2014.

On the briefs:

Summer M.M. Kupau,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7